UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

SHONDALYN TOLBERT, as Co-Administrator of the
Estate of WILLIAM JACKSON,

|  |  |
|---|---|
| Plaintiff, | CIVIL ACTION |
| | JURY TRIAL |
| -vs- | DEMANDED |

**12  CV  6352**



CITY OF GENEVA,
And its agents and employees, SGT. CARMEN "SCOTT" REALE,
JOHN DOE OFFICER 1, JOHN DOE OFFICER 2, and
former POLICE CHIEF FRANK PANE,
Individually and in their representative capacities,

FILED
JUN 29 2012
MICHAEL J. ROEMER, CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NY

                                          Defendants.
-----------------------------------------------------------------------

## PRELIMINARY STATEMENT

1.      This is a civil action seeking compensatory and punitive damages against

the CITY OF GENEVA and its agents and employees, for committing acts under the

color of law amounting to police brutality and misconduct which deprived the decedent

WILLIAM JACKSON of his rights under the United States Constitution and the laws of

the United States, and the State of New York, and which were contrary to the provisions

of Title 42 USC §1983 et seq. and 42 USC §1981.

2.      The defendants engaged in conduct on or about May 20, 2011 and

thereafter that included violations of the decedent's constitutional rights while acting

under color of law as police officers, and thereby caused decedent's injury, including

physical injury and death.

3.      On or about May 20, 2011, Geneva Police Officer SGT. CARMEN "SCOTT" REALE, (hereinafter "defendant REALE") while acting in concert with defendant JOHN DOE Officers, shot decedent WILLIAM JACKSON in the back of the head while the decedent was unarmed and seated in the back seat of a car.  The defendant officers acted individually and in concert with each other to commit the unlawful conduct during the arrest and shooting of decedent WILLIAM JACKSON, who was an innocent citizen in Geneva, NY.

4.      The CITY OF GENEVA is liable for the Plaintiff's damages for failure to instruct, supervise, control and discipline the City's police officers, which failures were the result of an official policy and custom, and practice of the City police department; the Plaintiffs were deliberately indifferent and took no action to eliminate or prevent the unconstitutional conduct within the department which amounted to policy, practice, and custom on the part of the department and officers, all of which caused the Plaintiff's damages as specifically set forth below.

5.      Defendant CITY OF GENEVA was properly served with a Notice of Claim under New York State General Municipal Law, §50-e on or about August 11, 2011 and thereafter on April 24, 2012 conducted a GML§ 50-h hearing and despite due demand, has failed or refused to pay these claims for more than 30 days thereafter.

6.      Pursuant to GML§ 50-e this action was commenced within one year and ninety days after the cause of action herein accrued.

## PARTIES

7.     Plaintiff, SHONDALYN TOLBERT is an adult individual and a citizen of the United States and a resident of the State of New York; having at all times hereinafter stated an address at 729 State Street Watertown, NY 13601.

8.     Plaintiff, SHONDALYN TOLBERT was appointed Co-Administrator of the Estate of WILLIAM JACKSON by Ontario Surrogate Court Letters of Administration granted March 15, 2012.

9.     At all times set forth herein, defendants REALE and JOHN DOE police officers were employed by the City of Geneva as police officers and acting in their official duties.

10.     Defendant former POLICE CHIEF FRANK PANE (hereinafter "Defendant PANE") at all times relevant and material hereto, was the Chief of Police for the CITY OF GENEVA and as such, the highest ranking police officer in the department and the commanding officer of defendant officers, and was responsible for the training, supervision, discipline and conduct of the defendant officers, as more fully set forth herein. Defendant PANE is further responsible by law for setting, reviewing and/or enforcing the regulations of the Geneva Police Department and for ensuring the CITY OF GENEVA police officers obey the laws of the State of New York, and the United States of America. Defendant PANE retired from the Geneva Police Department in June of 2011. Defendant PANE maintains an address at 168 South West Street, Geneva NY 14456.

11.     At all times relevant and material, defendant PANE was acting in such capacity as an agent, servant and employee of the Geneva Police Department and was

acting under the management, direction and control of the CITY OF GENEVA, and was further acting pursuant to either official policy or custom and practice of the Geneva Police Department.   At all times relevant and material, defendant PANE was the policymaker for the Geneva Police Department in all matters that are alleged herein.   In the alternative, defendant PANE participated in the promulgation of policy for the Geneva Police Department and was directly responsible for its implementation in whole or in part.

12.    Defendant CITY OF GENEVA is a municipal corporation or other form of municipal government, organized and existing under the laws of the State of New York.   At all times relevant and material, the CITY OF GENEVA acted by and through its City Council and its officers, agents, servants, and/or employees, who at all times relevant and material acted within the scope of their authority as persons who set, reviewed and/or enforced, as policymakers, certain policies regarding the conduct and actions of police officers employed by the CITY OF GENEVA, including defendant JOHN DOE police officers and defendant REALE.  The CITY OF GENEVA has a business address at City Hall, 47 Castle St., Geneva NY 14456.

13.    Plaintiff SHONDALYN TOLBERT sues all named defendants in both their individual and official capacities.

14.    At all times relevant and material, defendant JOHN DOE police officers, defendant PANE, and defendant REALE acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the City of Geneva, and the Geneva Police Department, and pursuant to their authority as police officers of the Geneva Police Department.

## JURISDICTION AND VENUE

15.     This District Court has jurisdiction over the actions of the defendants pursuant to Title 42 U.S.C., §1983 et seq., 42 U.S.C 1981 and federal question jurisdiction pursuant to 28 U.S.C., §1343, and 28 U.S.C. §1331, in that the causes of action arise under Title 42 U.S.C 1983, and 1981, and under the 4th, 8th and 14th Amendments of the United States Constitution. Plaintiff further invokes the pendent and ancillary jurisdiction of this Court pursuant to 28 U.S.C. §1367 to adjudicate claims arising under the laws of the State of New York.

16.     Venue is proper in this judicial district pursuant to Title 28 U.S.C., 1391, in that all the defendants reside in this district, and the events, acts, or omissions giving rise to the claims occurred in this district, and no real property is involved.

## FACTUAL BACKGROUND

17.     On or about May 20, 2011, decedent WILLIAM JACKSON was a rear-seat passenger in an automobile lawfully traveling on a public street. At about 10:30pm on the date in question, the named defendants acting in concert with each other and others, stopped the vehicle and ordered the driver and front passenger out of the vehicle.

18.     Upon information and belief, the named defendants and other police officers of the defendant CITY OF GENEVA had blockaded the roadway and stopped the vehicle pursuant to a pre-existing plan, and the defendants had acted originally upon a citizen complaint in pursuing the decedent WILLIAM JACKSON.

19.     Once the defendants had isolated the decedent WILLIAM JACKSON in the rear seat of the stopped vehicle, the defendants held the decedent at gunpoint for a period of time.

20.     At that time and place, defendant REALE without justification, and acting in concert with the other defendants present, intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of WILLIAM JACKSON, fatally shot him in the back of the head, thereby causing and resulting in his death two days later on May 22, 2011 at Strong Memorial Hospital, Rochester, NY.

21.     The foregoing acts of the defendants caused grievous bodily injury, extreme anguish and terror, and the wrongful death of the decedent, together with economic and consequential damages in an amount to be determined at trial.

### AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST DEFENDANT CITY OF GENEVA, DEFENDANT REALE And DEFENDANT JOHN DOE POLICE OFFICERS

22.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23.     On or about May 20, 2011 defendant REALE acting intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of WILLIAM JACKSON caused his death by shooting him in the back of the head while decedent WILLIAM JACKSON was unarmed and seated in the backseat of an automobile causing grievous bodily injury, conscious pain and suffering, anxiety, terror, and resulting in his death on or about May 22, 2011.

24.     As a result of the foregoing, defendants, acting under color of state law, violated 42 U.S.C 1983 et seq. and deprived WILLIAM JACKSON of rights secured by the Constitution and laws of the United States and the State of New York including those rights protected by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, not to be deprived of life, liberty and property without due process of law,

and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

25.     As a result of the foregoing, WILLIAM JACKSON was caused to suffer grievous bodily injury, loss of liberty, loss of life, substantial physical, emotional, mental and psychological pain and was otherwise injured in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1981 BY PLAINTIFF AGAINST ALL DEFENDANTS

26.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

27.     The aforesaid unlawful conduct by the individual defendants was occasioned by defendants' unconstitutional racial profiling, racial animus and by virtue of the fact that decedent WILLIAM JACKSON was of African-American descent.

28.     As a result of the foregoing, defendants, in violation of 42 U.S.C. §1981 thereby deprived decedent WILLIAM JACKSON of rights secured by the Constitution and laws of the United States and the State of New York, including the Fourth and Fourteenth Amendments to the United States Constitution.

29.     As a result of the foregoing, decedent WILLIAM JACKSON was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain and was otherwise injured in an amount to be determined at trial.

## AS AND FOR A THIRD *MONELL* CLAIM PURSUANT TO
## 42 U.S.C. §1983 BY PLAINTIFF AGAINST
## DEFENDANT CITY OF GENEVA

30.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31.     The aforesaid conduct of the individual defendants was occasioned and conducted pursuant to, and was the result of, the unconstitutional customs, usages, practices and/or policies of Defendant CITY OF GENEVA, including a failure to train, supervise, and discipline the individual defendants herein.

32.     As a result of the foregoing, defendants, in violation of 42 U.S.C. §1983 thereby deprived decedent WILLIAM JACKSON of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws of the State of New York.

33.     As a result of the foregoing, decedent WILLIAM JACKSON was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain and was otherwise injured in an amount to be determined at trial.

## AS AND FOR A FOURTH CLAIM FOR SUPERVISORY LIABILITY
## PURSUANT TO 42 U.S.C. §1981 and §1983
## BY PLAINTIFF AGAINST THE DEFENDANTS

34.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.     By their conduct in failing to remedy the wrongs committed by Defendant REALE and Defendant JOHN DOE POLICE OFFICERS, and in failing to properly train, supervise, or discipline Defendant REALE and Defendant JOHN DOE POLICE OFFICERS, the defendants caused damage and injury in violation of plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the U.S. Constitution and under 42 U.S.C. §1981 and §1983, and under the laws of the State of New York.

36.     As a result of the foregoing, decedent WILLIAM JACKSON was caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured in an amount to be determined at trial.

## AS AND FOR A FIFTH CLAIM FOR WRONGFUL DEATH
## BY PLAINTIFF AGAINST
## DEFENDANT CITY OF GENEVA, DEFENDANT REALE
## AND DEFENDANT JOHN DOE POLICE OFFICERS

37.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38.     As a result of the foregoing, defendants by their negligent, careless, and reckless conduct caused the death of decedent WILLIAM JACKSON, without and fault or comparative negligence on his part.

39.     As a result of the foregoing, plaintiff was caused to suffer economic losses and consequential damages, and was otherwise injured in an amount to be determined at trial.

## AS AND FOR A SIXTH CLAIM FOR NEGLIGENCE
## BY PLAINTIFF AGAINST
## DEFENDANT CITY OF GENEVA, DEFENDANT REALE
## AND DEFENDANT JOHN DOE POLICE OFFICERS

40.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     The defendants negligently, carelessly, and recklessly caused grievous bodily injury by gunshot wound to decedent WILLIAM JACKSON which thereafter resulted in his death on May 22, 2011.

42.     As a result of the foregoing, decedent WILLIAM JACKSON was caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain and terror, conscious pain and suffering, and was otherwise injured by the defendants, and each of them.

WHEREFORE, Plaintiff, SHONDALYN TOLBERT, as Co-Administrator of the Estate of WILLIAM JACKSON, demands the following relief jointly and severally against all of the defendants:

     a.     Compensatory damages;

     b.     Punitive damages;

     c.     The convening and impaneling of a jury to consider the merits of the claim herein;

     d.      costs and interest and attorney's fees;

     e.     such other and further relief as this Court may deem just and proper.

Dated:  June 28, 2012
       Buffalo, New York

Yours, etc.

NELSON S. TORRE, ESQ.
Attorney for Plaintiff
Office and P.O. Address
910 Main Court Building
438 Main Street
Buffalo NY  14202
(716) 854-2808